# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
(Filed:  October 29, 2019)

```
* * * * * * * * * * * * *
NICHOLE WAGNER,                    *        UNPUBLISHED
                                   *        No. 17-1388V
              Petitioner,          *
                                   *
                                   *        Special Master Dorsey
v.                                 *
                                   *        Attorneys' Fees and Costs
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
              Respondent.          *
* * * * * * * * * * * * *
```

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Debra A. Filteau Begley, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 29, 2017, Nichole Wagner ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] ("Vaccine Act"). Petitioner alleged that the influenza ("flu") vaccine she received on October 29, 2014, caused her to develop Guillain-Barré syndrome. Petition at 1, ECF No. 1. On May 8, 2019, the previously assigned special master issued his Decision denying entitlement because petitioner had not shown sufficient preponderant evidence that her GBS or its residual effects lasted for more than six months, thereby failing to meet the severity requirement. See Wagner v.

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

<u>Sec'y of Health & Human Servs.</u>, No. 17-1388V, 2019 WL 3297509 (Fed. Cl. Spec. Mstr. May 8, 2019).[3]

On August 9, 2019, petitioner filed an application for attorneys' fees and costs.  Motion for Attorney Fees and Costs (ECF No. 56).  Petitioner requests compensation in the amount of $49,452.16, representing $47,615.20 in attorneys' fees and $1,812.26 in costs. Fees App. at 1-2. Pursuant to General Order No. 9, petitioner warrants that she has personally incurred costs in the amount of $24.70 in pursuit of this litigation. <u>Id.</u> at 2. Respondent filed his response on August 28, 2019 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response, ECF No. 62, at 2. Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $49,337.51.

## I.      Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  <u>Id.</u> at §15(e)(1).  In this case, although petitioners were denied compensation, the undersigned finds that both good faith and reasonable basis exist. Accordingly, a final award of attorneys' fees and costs is proper.

### a.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  <u>Id.</u> at 1347-58 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  <u>Id.</u> at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  <u>See</u> <u>Savin v. Sec'y of Health and Human Servs.</u>, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  <u>Saxton v. Sec'y of Health and Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her]

---

[3] On October 8, 2019, the instant case was reassigned to the undersigned for resolution of attorneys' fees and costs.

experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application."  Saxton, 3 F. 3d at 1521.

### i.  Reasonable Hourly Rates

The undersigned has reviewed the rates requested for work of her counsel at Conway, Homer, P.C. (the billing records indicate that the majority of the attorney work was performed by Ms. Lauren Faga, while supporting work was performed by Mr. Ronald Homer, Ms. Meredith Daniels, Ms. Christina Ciampolillo, and Mr. Joseph Pepper), and finds that the requested rates are reasonable and in accordance with what these Conway, Homer, P.C. attorneys are paralegals have previously been awarded for their Vaccine Program work. Accordingly, the requested hourly rates are reasonable.

### ii.  Reasonable Hours Expended

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Accordingly, petitioner is entitled to the full amount of attorneys' fees sought, **$47,615.20**.

### b.  Attorneys' Costs

Petitioner requests a total of $1,812.26 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and travel expenses from petitioner's counsel to meet with petitioner. Petitioner has provided adequate documentation to support all of the requested costs, but the undersigned finds it necessary to reduce the awarded costs because petitioner's counsel purchased first class airfare tickets to visit petitioner. Fees App. at 40, 45.

The Court has previously declined to compensate petitioners for first-class airfare, business-class train fare, and Acela Express train fare. See Tetlock v. Sec'y of Health & Human Servs., No. 10-56V, 2017 WL 5664257, at *6 (Fed. Cl. Spec. Mstr. Nov. 1, 2017). In the instant case, petitioner has not offered any rationale as to why first-class airfare was reasonable or

necessary. Therefore, as she has done in the past, the undersigned shall reduce the airfare costs by fifty percent. See Digerolamo v. Sec'y of Health & Human Servs., No. 16-920V, 2019 WL 4305792, at *4 (Fed. Cl. Spec. Mstr. Jun. 28, 2019). This results in a reduction of **$114.65**.[4]

The undersigned has reviewed the rest of the costs and finds them to be reasonable. Petitioner is therefore awarded final costs of **$1,697.61**.

### c. Petitioners' Costs

Pursuant to General Order No. 9, petitioner warrants that he has personally incurred costs in the amount of $24.70 in pursuit of this litigation for postage. Fees App. at 2. Petitioner has provided adequate documentation for this cost and the undersigned finds it to be reasonable. Petitioner is therefore entitled to a full reimbursement of costs incurred.

### II.   Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $47,615.20 |
| (Total Reduction from Billing Hours) | - |
| **Total Attorneys' Fees Awarded** | **$47,615.20** |
| | |
| Attorneys' Costs Requested | $1,812.26 |
| (Reduction of Costs) | - ($114.65) |
| **Total Attorneys' Costs Awarded** | **$1,697.61** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$49,312.81** |
| | |
| **Total Petitioners' Costs Awarded** | **$24.70** |
| | |
| **Total Amount Awarded** | **$49,337.51** |

**Accordingly, the undersigned awards the following:**

1) **$49,312.81 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Ronald Homer; and**

2) **$24.70 in petitioner's costs, in the form of a check payable to petitioner.**

---

[4] ($106.40 + $122.90) / 2 = $114.65**.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.